Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Sean E. McClenahan, Esq.
Nevada Bar No. 10141
The Schwartz Law Firm, Inc.
626 South Third Street
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Adnan Mulahmetovic, and<br><br>Alma Mulahmetovic<br><br>                  Debtors. | Case No. 09-19282<br><br>Chapter 13<br><br>Hearing Date: July 30, 2009<br>Hearing Time: 3:30 P.M. |

## MOTION TO VALUE COLLATERAL, "CRAM DOWN" AND MODIFY RIGHTS OF SECURED CREDITOR PURSUANT TO 11 U.S.C. § 506(a) AND § 1322

Now comes Adnan and Alma Mulahmetovic (the "**Debtors**"), by and through their undersigned attorneys, The Schwartz Law Firm, Inc., and petition this Court, pursuant to section 506(a) and 1322 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Bankruptcy Rules 3012 and 9014 of the Federal Rules of Bankruptcy Procedure to value collateral securing that certain residential loan and re-classify lender's claim as unsecured and states:

### FACTUAL BACKGROUND

1. On June 2, 2009, the Debtors filed their petition under Chapter 13 of the Bankruptcy Code. The Debtors currently own a residential investment property located at 4671

Monterey Circle, Las Vegas, Nevada 89169, with a current value of $66,000.00 (the "Property"). The appraisal for this property is attached hereto as Exhibit A.

2. The Property is secured by Wells Fargo Home Mortgage, in the amount of $119,000.00, loan number 7080069046969.

3. The Debtors' Property does not have any equity and is worth significantly less than its secured debt. Accordingly, the Debtors request that the Court find that a portion of the lender's claim is unsecured and should be reclassified as a general unsecured claim to receive its pro rata distribution with other general unsecured creditors through the Debtors' Chapter 13 plan.

## MEMORANDUM OF LAW

4. Section 506(a)(1) of the Bankruptcy Code provides that a Chapter 13 debtor may bifurcate a secured lender's claim into an allowed secured claim and an allowed unsecured claim based upon the actual value of the property securing such lender's lien.

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1).

5. The Supreme Court has recognized that section 506 of the Bankruptcy Code defines the amount of the secured creditor's allowed secured claim and the conditions of his

receiving post-petition interest. <u>United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.</u>, 484 U.S. 365, 371 (1988). In <u>United Sav. Ass'n of Texas</u>, the Supreme Court interpreting Section 506(a) of the Bankruptcy Code found that:

> In subsection (a) of this provision the creditor's "interest in property" obviously means his security interest without taking account of his right to immediate possession of the collateral on default. If the latter were included, the "value of such creditor's interest" would increase, and the proportions of the claim that are secured and unsecured would alter, as the stay continues-since the value of the entitlement to use the collateral from the date of bankruptcy would rise with the passage of time. No one suggests this was intended. The phrase "value of such creditor's interest" in § 506(a) means "the value of the collateral."

See <u>id.</u> (emphasis added) (quoting H.R.Rep. No. 95-595, pp. 181, 356 (1977)).

6. The Ninth Circuit agrees with this interpretation of section 506 of the Bankruptcy Code. <u>In re Maldonado</u>, 46 B.R. 497, 499 (9th Cir. BAP 1984) (interpreting section 506(a), "a claim 'is a secured claim to the extent of the value of [the] creditor's interests' in the estate's interest in the property. The entire claim is not a secured claim. The claim is secured only to the extent of the value of the secured interest.")

7. In addition, this Bankruptcy Court has found that "an 'allowed secured claim' is a determination generally made under 11 U.S.C. § 506." <u>In re BBT</u>, 11 B.R. 224, 229 (Bankr. D. Nev. 1981). The Bankruptcy Court further stated that, with respect to a claim secured by a lien on property of the estate, "to the extent that the value of the property is less than the amount of the total allowed claim, **the claim is unsecured.**" <u>Id.</u> (emphasis added).

8. Thus, pursuant to the law of this Circuit, the amount of the allowed secured claim cannot exceed the market value of the property and the remainder of the claim must be treated as

an allowed unsecured claim for purposes of the plan. In re Sagewood Manor Associates Ltd. Partnership, 223 B.R. 756, 773 (Bankr. D. Nev. 1998) (holding that the court may confirm a chapter 11 plan over the objection of a class of secured claims if the members of that class are to receive under the plan property of a value equal to the allowed amount of their secured claims, as determined under 11 U.S.C. § 506(a)).

9. Moreover, the Ninth Circuit Court of Appeals has also found that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to section 506(a) of the Bankruptcy Code. See In re Zimmer, 313 F.3d 1220 (9th Cir. 2002). Specifically, the Court held:

> Section 506(a) divides creditors' claims into 'secured claims' and 'unsecured claims.' Although the conventional interpretation of 'secured' might include any claim in which the creditor has a security interest in the debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property:
>
> 'An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.'
>
> 11 U.S.C. 506(a). To put it more simply, a claim such as a mortgage is not a 'secured claim' to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, 'secured claim' is thus a term of art; not every claim that is secured by a lien on property will be considered a 'secured claim.' Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

In re Zimmer, 313 F.3d at 1222 - 23.

10. Accordingly, because the property is an investment, and the mortgage on the Property is under-secured, the lender's claim should be bifurcated into a secured claim in the amount of $62,500.00 and an unsecured claim of $167,000.00 based on the market value of the Property as shown in the appraisal.

11. Finally, the filing of a motion rather than an adversary proceeding to achieve the relief requested herein is appropriate in this Court. See In re Bonsignori, Case No. BKS-08-11830-LBR (D. Nev. June 25, 2008) (approving the stripping off of an unsecured lien by motion); see also In re Robert, 313 B.R. 545 (Bankr. N.D.N.Y. 2004); In re Bennett, 312 B.R. 843 (Bankr. W.D. Ky. 2004); In re King, 290 B.R. 641 (Bankr. C.D. Ill. 2003); In re Millspaugh, 302 B.R. 90 (Bankr. D. Idaho 2003); Dickey v. Ben. Fin. (In re Dickey), 293 B.R. 360 (Bankr. M.D. Pa. 2003); In re Hill, 304 B.R. 800 (Bankr. S.D. Ohio 2003); In re Sadala, 294 B.R. 180 (Bankr. M.D. Fla. 2003); In re Fisher, 289 B.R. 544 (Bankr. W.D.N.Y. 2003); In re Hoskins, 262 B.R. 693 (Bankr. E.D. Mich. 2001); In re Fuller, 255 B.R. 300 (Bankr. W.D. Mich. 2000); and In re Williams, 166 B.R. 615 (Bankr. E.D. Va. 1994).

## CONCLUSION

12. Bankruptcy law is clear, absent sufficient equity in the Property, the mortgage lender's claim is only partially secured should must be bifurcated into secured and unsecured claims. The wholly unsecured portion should receive only its pro rata distribution with other general unsecured creditors through the Debtors' Chapter 13 plan.

WHEREFORE, Debtors pray that this Court: (i) enter an order finding the value of the Property to be $66,000.00; (ii) bifurcate the Wells Fargo mortgage claim into secured and

unsecured claims which reflect the current value of $66,000.00 and the unsecured amount of $53,000.00 respectively; (iii) reclassify the wholly unsecured claims to be paid pro rata with other general unsecured creditors through the Debtors' Chapter 13 plan; and (iv) such other relief the Court deems just and proper.

Dated this 22nd day of June, 2009.

Respectfully Submitted,

/s/ _____
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Sean E. McClenahan, Esq.
Nevada Bar No. 10141
Schwartz Law Firm, Inc.
626 South Third Street
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the pleading was sent via CERTIFIED MAIL with the U.S. Postal Service to the following on 22nd day of June, 2009.

Wells Fargo Home Mortgage
Attention: Officer or Director
Bankruptcy Department MAC-X
3476 Stateview Blvd.
Fort Mill SC 29715-0000

I HEREBY CERTIFY that a true and correct copy of the pleading was sent via REGULAR MAIL with the U.S. Postal Service to the following on this 22nd day of June, 2009:

Kathleen A. Leavitt
United States Chapter 13 Trustee
201 Las Vegas Blvd., SO. #200
Las Vegas, NV 89101

/s/
Parker S. Bauman